STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

KIMBERLY BARTZ,

        Plaintiff,

vs.

No. 2026- 000683 -CD
Hon. TbiA

THE KROGER CO., a foreign
corporation,

        Defendant.

**RECEIVED**

FEB 1 8 2026

ANTHONY G. FORLINI
Macomb County Clerk

_____/

LEONARD & KRUSE, P.C.
BY:   KELLY A. KRUSE (P45538)
       NORBERT LEONARD (P40056)
Attorneys for Plaintiff
4190 Telegraph Road, Suite 3500
Bloomfield Hills, MI 48302
(248) 594-7500/ Fax: (248) 594-7501
kkruse@leonardkruse.com
nleonard@leonardkruse.com

_____/

There is no other pending or resolved
civil action arising out of the transaction
or occurrence alleged in the complaint.

_____
Norbert B. Leonard (P40056)

**COMPLAINT**

NOW COMES Plaintiff, Kimberly Bartz, by and through her attorneys, Leonard & Kruse, P.C., as and for her Complaint against the aforenamed Defendant states as follows:

1.     At the time the acts and omissions complained of occurred, Plaintiff was a

-1-

resident of Macomb County, Michigan.

2. Defendant, The Kroger Co., (hereinafter "Kroger"), is a Michigan corporation doing substantial business in Macomb County, Michigan.

3. The events, acts and omissions which form the basis of Plaintiff's Complaint occurred in Macomb County, Michigan.

4. The amount in controversy is in excess of Twenty-Five Thousand Dollars ($25,000), exclusive of interest, costs, and attorney fees and this matter is otherwise within the jurisdiction of this Honorable Court.

## GENERAL ALLEGATIONS

5. At all times relevant hereto and until her wrongful termination, Plaintiff was an employee of the Defendant.

6. Throughout the course of her employment with the Defendant, Plaintiff performed her assigned duties in a satisfactory manner.

7. Defendant is a covered employer under the Family and Medical Leave Act (hereinafter "FMLA").

8. At all times relevant hereto, Plaintiff was eligible for FMLA protection.

9. On or about June 2, 2024, Plaintiff was approved for intermittent leave under the FMLA.

10. On May 2, 2025, Plaintiff was issued a Constructive Advice Record ostensibly for loitering and wasting time and was suspended pending advisability of

-2-

discharge.

11. Thereafter, Plaintiff was terminated from employment ostensibly because she had violated the Defendant's policy against loitering or wasting time. Defendant has provided Plaintiff different dates on which they claim her employment ended.

12. Prior to her termination, Plaintiff had lodged an official complaint with her employer concerning an incident in which her store manager touched her in a way which made her feel very uncomfortable.

## COUNT I

## ELLIOTT LARSEN CIVIL RIGHTS ACT

13. Plaintiff restates and realleges paragraphs one through twelve as if fully set forth herein and in further support of her cause of action states as follows:

14. In February, 2024, Plaintiff engaged in the protected activity by making a complaint to Kroger management that her store manager had engaged in sexual harassment.

15. Following her Complaint, Plaintiff was advised by Defendant that the issue had been addressed with the store manager.

16. Shortly after making the Complaint, Plaintiff began experiencing considerable anxiety occasioned by the work environment and her store manager's attitude toward her.

17. Because of this increase in anxiety, Plaintiff sought medical treatment.

-3-

18. After consultation with her physician, Plaintiff sought and received approval for intermittent FMLA leave.

19. In October, 2024, Plaintiff suffered a work related injury which caused her to miss several weeks from work.

20. Shortly after Plaintiff returned from worker's compensation leave, Defendant's store manager began issuing Significant Incident Reminders to Plaintiff concerning her attendance.

21. On most, if not all, of the dates which formed the basis for the disciplinary actions taken by Defendant's store manager, against Plaintiff, Plaintiff had been approved for FMLA leave or had taken a personal day.

22. These retaliatory actions continued until and including Plaintiff's termination from employment.

23. The discipline issued to Plaintiff and her termination were taken in retaliation for Plaintiff's participation in a protected activity all in violation of the Elliott Larsen Civil Rights Act.

24. As a direct and proximate result of the Defendant's violation of the ELCRA, Plaintiff has suffered damages including, but not limited to but not limited to loss of earnings and future earnings, loss of benefits and future benefits, emotional distress, sleeplessness and anxiety as well as attorney fees and costs.

-4-

## COUNT II

### FMLA INTERFERENCE CLAIM

25.     Plaintiff restates and realleges paragraphs one through twenty-four as if fully set forth herein and in further support of her cause of action.

26.     At all times relevant hereto, Plaintiff suffered from depression and anxiety.

27.     Depression and anxiety are both considered serious health conditions.

28.     During the course of her employment with Defendant, she sought and was granted approval to take intermittent FMLA leave in connection with the serious health conditions from which she suffered.

29.     Whenever Plaintiff was exercising her right to intermittent leave, Plaintiff timely notified her employer.

30.     Defendant interfered with Plaintiff's right to take intermittent FMLA leave by imposing unwarranted discipline on her and by terminating her from employment.

31.     As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has suffered damages including, but not limited to loss of earnings and future earnings, loss of benefits and future benefits as well as attorney fees and costs.

## COUNT III

### FMLA DISCRIMINATION

32.     Plaintiff restates and realleges paragraphs one through thirty-one as if fully

set forth herein and in further support of her cause of action states as follows:

33. Plaintiff's request for and approval of her request for FMLA leave was a motivating factor in Defendant's decisions to discipline and ultimately terminate Plaintiff from employment.

34. As a direct and proximate result of Defendant's wrongful violation of the FMLA, Plaintiff has suffered damages including, but not limited to loss of earnings and future earnings, loss of benefits and future benefits as well as attorney fees and costs.

## COUNT IV

## FMLA RETALIATION CLAIM

35. Plaintiff restates and reallages paragraphs one through thirty-four as if fully set forth herein and in further support of her cause of action states as follows:

36. At all times relevant hereto, Plaintiff engaged protected activity by applying for and exercising her rights under the FMLA.

37. Defendant's decisions to discipline and terminate Plaintiff occurred in retaliation for Plaintiff's exercise of these rights.

38. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered damages including, but not limited to loss of earnings and future earnings, loss of benefits and future benefits as well as attorney fees and costs.

WHEREFORE, your Plaintiff prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant in an amount in excess of Twenty-Five

-6-

Thousand Dollars ($25,000.00) plus liquidated damages, attorney fees, costs, pre- and post-judgment interest and liquidated damages. Plaintiff further seeks all other relief which is available under the FMLA and the ELCRA and which this Court deems just and equitable.

Respectfully submitted,
LEONARD & KRUSE, P.C.

Norbert B. Leonard (P40056)
Attorney for Plaintiff
4190 Telegraph Rd., Ste. 3500
Bloomfield Hills, MI 48302
(248) 594-7500
Nleonard@leonardkruse.com

Dated: February 11, 2026

-7-

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

KIMBERLY BARTZ,

        Plaintiff,

vs.

No. 2026- ꝏ&83 -CD
Hon.

THE KROGER CO., a foreign
corporation,

        Defendant.

_____/

LEONARD & KRUSE, P.C.
BY:   KELLY A. KRUSE (P45538)
       NORBERT LEONARD (P40056)
Attorneys for Plaintiff
4190 Telegraph Road, Suite 3500
Bloomfield Hills, MI 48302
(248) 594-7500/ Fax: (248) 594-7501
kkruse@leonardkruse.com
nleonard@leonardkruse.com

_____/

**RECEIVED**

FEB 1 8 2026

ANTHONY G. FORLINI
Macomb County Clerk

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

        Respectfully submitted,
        LEONARD & KRUSE, P.C.

        Norbert B. Leonard (P40056)
        Attorney for Plaintiff
        4190 Telegraph Rd., Ste. 3500
        Bloomfield Hills, MI 48302
        (248) 594-7500
        Nleonard@leonardkruse.com

Dated: February 11, 2026